UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

DOUGLAS GLENN OREM,         :

    Plaintiff                :

                         CIVIL ACTION NO. 3:15-0602

    v.                       :

                      (Mannion, D.J.)

CAROLYN W. COLVIN,          :    (Schwab, M.J.)
Acting Commissioner
of the Social Security       :
Administration,

                       :

    Defendant

**M E M O R A N D U M**

Pending before the court is the report and recommendation of Judge Schwab, (Doc. 9), recommending that plaintiff's appeal from the final decision of the Commissioner of Social Security be remanded to the Commissioner. Judge Schwab reviewed the record in this case pursuant to 42 U.S.C. §405(g) to determine whether there is substantial evidence to support the Commissioner's decision denying the plaintiff's claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act, ("Act"). 42 U.S.C. §§401-433, 1381-1383f. The Commissioner filed objections to the report.[1] (Doc. 10). Plaintiff did not object to the report but she responded to the Commissioner's objections urging the court to adopt

---

[1]The court notes that since Judge Schwab stated the full procedural history of this case, (Doc. 9, at 6-7), and since the Commissioner did not object to it, the court will not repeat it herein. The facts of this case and the medical evidence are thoroughly discussed in the report as well as in the briefs of the parties. (Doc. 7, Doc. 8).

the report. (Doc. 11). For the following reasons, the report and recommendation is **ADOPTED** and, the plaintiff's appeal is **GRANTED**. The decision of the defendant Commissioner will be **VACATED** and the case will be **REMANDED**.

## I.   STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review de novo those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not,

the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

## II. DISCUSSION

As set forth more fully in Judge Schwab's report, plaintiff Douglas Glenn Orem applied for DIB and SSI alleging he was disabled as of December 5, 2011 due to sciatica, low back pain, back injury and lumbar radiculopathy. A hearing was held before an administrative law judge ("ALJ") on June 18, 2013. On July 8, 2013, the ALJ determined that plaintiff was not disabled within the meaning of the Act and denied plaintiff's claims. The ALJ found that while plaintiff's impairments of lumbar stenosis and radiculopathy were severe, they did not meet or medically equal a listed impairment. The ALJ found that plaintiff maintains the residual functional capacity ("RFC") to perform light work with limitations, to wit: "[plaintiff] must be allowed to alternate between sitting and standing every 30 minutes; [he] can only occasionally kneel and stoop; and [he] is limited to occupations having GED requirements of no greater than 3, involving no more than occasional decision making or occasional work setting changes." (Tr. 107-08). The ALJ also found that plaintiff could not engage in his past relevant work, but based on the testimony of a vocational expert ("VE"), the ALJ found that plaintiff could

3

perform work as a small products assembler, a conveyor line baker worker, and an electrical accessories assembler.(Tr. 111-12).

Judge Schwab recommends that the ALJ's decision to deny plaintiff's applications for DIB and SSI be remanded for further proceedings since the ALJ improperly rejected the opinion of plaintiff's treating doctor, Charles Kovalchick, M.D. Dr. Kovalchick opined that plaintiff's potential absences from work based on his disabling limitations precluded him from all gainful employment. Specifically, the VE testified that one or more absences per month would not be tolerated by any employer and Dr. Kovalchick opined in an Impairment Questionnaire that plaintiff would likely be absent from work between two and three times per month. Plaintiff also testified that he left his job "by mutual agreement" because he was missing time from work and could not perform his duties. (Tr. 128). The ALJ rejected Dr. Kovalchick's opinion regarding plaintiff's absenteeism and stated that "[t]he claimant's failure to re-enter physical therapy and his history of no more than the most basic, routine, and conservative treatment does not support this restriction." (Tr. 110).

Judge Schwab found that the ALJ improperly rejected Dr. Kovalchick's opinion regarding plaintiff's anticipated absenteeism from work despite the fact that the only medical source opinion discussed by the ALJ was Dr. Kovalchick's. Judge Schwab states, (Doc. 9 at 18), that "[t]he Third Circuit has repeatedly held that an ALJ may not reject or discount an uncontradicted

4

treating source opinion based on his own lay interpretation of objective medical evidence." (citing Ferguson v. Schweiker, 765 F.2d 31, 37 (3d Cir. 1985). Judge Schwab then found that the ALJ's decision to reject Dr. Kovalchick's opinion regarding how many days per month plaintiff would be absent from work "was based entirely upon her own lay assessment" that this opinion was inconsistent with the course of treatment recommended by Dr. Kovalchick and inconsistent with plaintiff's failure to immediately restart physical therapy. As such, Judge Schwab found that the ALJ's RFC assessment was not supported by substantial evidence since the ALJ failed to adequately support her decision not to credit Dr. Kovalchick's attendance limitation opinion which was not contradicted in the record.

The Commissioner contends that Judge Schwab impermissibly re-weighed the evidence in finding that Dr. Kovalchick's opinion regarding work attendance had to be afforded controlling weight and erred by finding that his opinion was binding on the Agency since "the ALJ was not authorized to discount it based on the medical record without 'opinion' evidence from another physician that matched the ALJ's view of Plaintiff's capabilities." The Commissioner states that the ALJ did not require a medical opinion from another source to reject Dr. Kovalchick's attendance limitation opinion and that it is for the ALJ to make the determination about the plaintiff's RFC. The Commissioner also states that the ALJ was not required to seek a separate expert medical opinion when deciding plaintiff's RFC. Finally, the

5

Commissioner states that the ALJ properly discounted Dr. Kovalchick's attendance limitation opinion based on her finding that it was inconsistent with the other evidence in the record.

Dr. Kovalchick's opinion was indeed consistent with plaintiff's testimony that he stopped working due to excessive absenteeism. Dr. Kovalchick's opinion was also supported by his treatment notes. Dr. Kovalchick stated in an October 12, 2014 letter that plaintiff was regularly treated at Hillside Pain Management for his lower back pain and that he was prescribed pain medications and muscle relaxers. Dr. Kovalchick also stated that plaintiff "continues to be significantly disabled with his lower back pain" and that his "pain symptoms include lower back pain, shooting pain down his left leg, and limited range of motion of his lower back." Dr. Kovalchick further stated that "[t]he pain doctors document that [plaintiff] has pain that effects his activities of daily living approximately 25-50% of the time" and that "[h]e as days where his pain is so bad that he cannot get out of bed." He also indicated that the days when plaintiff's pain is debilitating "occur in an unpredictable fashion." (Tr. 8). In his July 2013 treatment note, Dr. Kovalchick noted that plaintiff has "chronic lower back pain" and increased numbness and tingling down his left leg. (Tr. 84). Other medical records confirmed plaintiff's radicular symptoms and chronic low back pain. (Tr. 90, 93, 94).

Judge Schwab states that the ALJ impermissibly rejected Dr. Kovalchick's medical opinion with her lay reinterpretation of medical evidence.

Recently, this court decided two similar cases and agreed with the reports recommending remand. *See* Rankins v. Colvin 2016 WL 4502524 (M.D.Pa. Aug. 29, 2016); Rowe v. Colvin, 2016 WL 3654470 (M.D.Pa. July 8, 2016). Conspicuously missing from the Commissioner's objections is any discussion of these two cases. Also, in Brown v. Colvin, 2015 WL 7428579 (M.D.Pa. Nov. 23, 2015), the ALJ rejected the only medical assessment in the record addressing the plaintiff's RFC which was from his treating physician. Even though there was no other medical evidence in the record addressing the plaintiff's RFC, the ALJ found that the plaintiff could perform light work with limitations. This court found that the ALJ's determination was seemingly based upon his own assessment of the plaintiff's physical capabilities. This court agreed with Judge Cohn's finding that the ALJ improperly assessed the plaintiff's RFC and that the ALJ's RFC determination was not supported by substantial evidence. *See also* Wright v. Colvin, 2016 WL 446876 (M.D.Pa. Jan.14, 2016), adopted by 2016 WL 452142 (M.D.Pa. Feb. 4, 2016).

Additionally, the recent similar decision in Burns v. Colvin, 156 F.Supp.3d 579 (M.D.Pa. 2016), agreed with the report recommending remand. In *Burns*, the two medical opinions of record, one of which was from a treating source, opined that plaintiff was unable to perform any gainful employment. There was no medical opinion in the record which supported the ALJ's finding that plaintiff could work. The court in Burns, 156 F.supp.3d at 583, stated, "[i]n a slew of decisions, the Third Circuit holds that no

7

reasonable mind would find the ALJ's evidence to be adequate when the ALJ rejects every medical opinion in the record with only lay reinterpretation of medical evidence." (citations omitted). The court also referenced the "treating source rule" regarding the special deference which should be afforded to the medical opinion of a treating source. Id. The court essentially found that an ALJ's lay reinterpretation of medical evidence by itself does not provide substantial evidence for a finding that a claimant is not disabled when all of the medical opinions of record opine that the claimant is disabled. The *Burns* Court stated that binding precedent holds that an ALJ's lay reinterpretation of medical evidence, alone, does not constitute substantial evidence to reject a treating source medical opinion. Id. (citations omitted); *see also* Frankenfield v. Bowen, 861 F.2d 405, 408 (3d Cir. 1988) (An ALJ can not reject medical findings by substituting his own medical judgments.).

In the present case, the only medical opinion is from Dr. Kovalchick who essentially found that plaintiff could not work since he would miss too many days per month. As Judge Schwab indicates, the opinion of Dr. Kovalchick contradicted the findings of the ALJ regarding plaintiff's RFC. Judge Schwab finds that the ALJ improperly discounted the opinion of Dr. Kovalchick in assessing plaintiff's RFC. No doubt that Dr. Kovalchick's opinion as plaintiff's treating physician is generally entitled to significant weight. The Third Circuit has "long accepted" that the findings of a treating physician "must [be] give[n] greater weight ... than ... the findings of a physician who has examined the

claimant only once or not at all." Mason v. Shalala, 994 F.2d 1058, 1067 (3d Cir. 1993) (citations omitted). The regulations as well as courts require the ALJ "give good reasons for the amount of weight given to a treating physician's opinion." Fargnoli v. Massanari, 247 F.3d 34, 42-44 (3d Cir. 2001); *see also* 20 C.F.R. §404.1527(d)(2). A treating physician's opinion can be rejected by the ALJ based on contradictory medical evidence. *See* Frankenfield, 861 F.2d at 408. Additionally, "[t]he ALJ–not treating or examining physicians or State agency consultants–must make the ultimate disability and RFC determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011).

In the instant case, the ALJ impermissibly rejected the opinion of Dr. Kovalchick since, as discussed, it was supported by objective medical findings in the record as well as Dr. Kovalchick's own treatment notes and plaintiff's testimony. Thus, the ALJ improperly rejected Dr. Kovalchick's opinion based on her lay interpretation of medical evidence and failed to consider this opinion in combination with other evidence in the record as a whole. "The ALJ must consider all relevant evidence when determining an individual's [RFC] in step four." Fargnoli, 247 F.3d at 41 (citations omitted). This evidence includes medical records, observations found during medical exams, limitations of plaintiff stated by plaintiff and by others. Id.

9

## III.   CONCLUSION

Accordingly, the report of Judge Schwab, (**Doc. 9**), will be adopted. The objections of the Commissioner, (**Doc. 10**), will be overruled. The decision of the ALJ will be vacated. The case will be remanded to the Commissioner for further proceedings. A separate order shall issue.

                                                                    s/ *Malachy E. Mannion*
                                                                    **MALACHY E. MANNION**
                                                                    **United States District Judge**

**Date: October 31, 2016**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-0602-01.wpd